IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | No. 3:17-CR-341-B |
| | § | |
| ADILENE SUAREZ-RANGEL, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By order of reference dated November 6, 2020, before the Court is the defendant's *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)*, received on November 3, 2020 (doc. 936). Based on the relevant filings and applicable law, the motion for a sentence reduction should be **DENIED**. The accompanying request for appointment of counsel is **DENIED**.

## I.   BACKGROUND

Adilene Suarez-Rangel (Defendant), a prisoner currently incarcerated in the Federal Medical Center (FMC) Carswell in Fort Worth, Texas, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).

On March 26, 2018, Defendant was charged by superseding information with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). (*See* doc. 206.) Pursuant to a plea agreement, she pled guilty to the single count on May 8, 2018. (*See* docs. 208-210, 255.) By judgment entered November 2, 2018, she was sentenced to 120 months' imprisonment, to be followed by a three-year term of supervised release. (*See* doc. 470.) Defendant did not appeal her sentence or conviction. On November 4, 2019, she a motion to vacate her sentence under 28 U.S.C. § 2255, but after the government responded, she moved to voluntarily dismiss her habeas action on June 18, 2020, and it was dismissed on August

31, 2020. (*See Suarez-Rangel v. United States,* No. 3:19-CV-2686-B (N.D. Tex.), docs. 1, 6, 13, 14. She filed her motion for compassionate release on November 3, 2020. (*See* doc. 936.)

## II.   ANALYSIS

Defendant seeks compassionate release from imprisonment under § 3582(c)(1)(A) and requests the appointment of counsel to assist her. (*See id.*)

### A.   <u>18 U.S.C. § 3582(c)(1)(A)</u>

"The Sentencing Reform Act of 1984 modified existing sentencing standards to allow federal courts to reduce defendants' sentences for 'extraordinary and compelling reasons,' a process often referred to as 'compassionate release.'" *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020). Under the act, only the Bureau of Prisons (BOP) could file motions for compassionate release on behalf of federal prisoners. *Id.* The First Step Act of 2018 (First Step Act), which became law on December 21, 2018, introduced several criminal justice reforms. *See United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir. 2019) (citing First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018)). One reform was to allow federal prisoners to file their own motions for compassionate release under § 3582(c)(1)(A) if the BOP refused to bring a motion on their behalf. *See United States v. Mincey*, No. 3-18-cr-165-K (01), 2020 WL 2201425, at *1 (N.D. Tex. Apr. 20, 2020) (quoting *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019)).

Section 3582(c)(1)(A) states:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case–

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

> of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

According to Defendant, she exhausted administrative remedies by submitting a request for compassionate release to the warden of FCI Carswell on August 30, 2020, which was denied on September 5, 2020. (*See* doc. 936 at 3.) Although she does not provide any documentation in support of her exhaustion of administrative remedies, it is assumed for purposes of this motion only that she has satisfied the exhaustion requirement, since she filed her compassionate release motion over 30 days after her alleged submission of a request for compassionate release to the warden and its denial. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant indicates that: (1) she is not 70 years old or older; (2) she has not served 30 years or more of her sentence of imprisonment; (3) the BOP has not determined that she is a not a danger to the safety of any other person or the community; and (4) she does not believe that there are any other extraordinary and compelling reasons for her release. (*See* doc. 936 at 3-4.) She

provides no information regarding any alleged basis to support her request for compassionate release. Because she has not asserted any allegations to support a finding that she meets any of the avenues of relief under § 3582(c)(1)(A), she is not entitled to compassionate release, and her motion should be denied.

B.     **Appointment of Counsel**

The Supreme Court has held that there is no constitutional right to appointed counsel in post-conviction collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012) (finding no constitutional right to appointed counsel for post-conviction relief). Although the Fifth Circuit does not appear to have specifically addressed whether persons seeking relief under 18 U.S.C. § 3582(c)(1) have a right to appointed counsel, it has found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (finding that § 3582(c)(2) motions are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel under the Criminal Justice Act (CJA))). Nevertheless, some courts have found that counsel may be appointed in the interests of justice. *See United States v. Delco*, Crim. A. No. 09-57, 2020 WL 4569670, at *2 (E.D. La. Aug. 7, 2020) (citing cases). Others have found that requests for compassionate release present "neither a discretionary nor ancillary matter under which a judge of this Court <u>may</u> determine that the interests of justice so require the appointment of counsel under the Court's CJA Plan." *United States v. Knox*, No. 3:12-cr-252-B (N.D. Tex. July 23, 2020), doc. 70 at 3.

Notwithstanding the lack of a constitutional or statutory right to the appointment of counsel, or other basis providing for the appointment of counsel, Defendant has not shown that the appointment of counsel is warranted where she has alleged no bases potentially warranting compassionate release. Her request for the appointment of counsel is denied.

### III. RECOMMENDATION

Defendant's *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)*, received on November 3, 2020, should be **DENIED**. Her request for the appointment of counsel is **DENIED**.

**SIGNED this 17th day of November, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE