IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | No. 3:17-CR-341-B |
| § | |
| ADILENE SUAREZ-RANGEL, § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By order of reference dated November 6, 2020, before the Court is the defendant's *Motion for Reconsideration 18 U.S.C. 3742 (e) Post-Sentencing Rehabilitation Programming*, received on November 2, 2020 (doc. 935). Based on the relevant filings and applicable law, the motion should be **DISMISSED** without prejudice for lack of jurisdiction.

### I.  BACKGROUND

Adilene Suarez-Rangel (Defendant), a prisoner currently incarcerated in the Federal Medical Center (FMC) Carswell in Fort Worth, Texas, appears to seek a sentence reduction under 18 U.S.C. § 3742(e).

On March 26, 2018, Defendant was charged by superseding information with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). (*See* doc. 206.) She pled guilty to the single count pursuant to a plea agreement on May 8, 2018. (*See* docs. 208-210, 255.) By judgment entered November 2, 2018, she was sentenced to 120 months' imprisonment, to be followed by a three-year term of supervised release. (*See* doc. 470.) Defendant did not appeal her sentence or conviction. On November 4, 2019, she moved to vacate her sentence under 28 U.S.C. § 2255, but after the government responded, she moved to voluntarily dismiss her habeas action on June 18, 2020, and it was dismissed on August 31, 2020. (*See Suarez-Rangel v. United States,* No. 3:19-CV-2686-B (N.D. Tex.), docs. 1, 6, 13, 14.)

On November 2, 2020, she filed a motion for reconsideration seeking a sentence reduction under 18 U.S.C. § 3742(e) based on post-conviction rehabilitation. (*See* doc. 935.) She contends she has received 27 programming certificates during her incarceration. (*See id.* at 1, 3-4.) [1]

## II.   JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.,* 896 F.2d 170, 173 (5th Cir.1990).

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). After a federal sentence has been imposed, it may be modified or changed by a district court only in limited circumstances:

> [A] district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b) . . . . 18 U.S.C. § 3582(b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as: (1) when the court receives a motion . . . indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.

---

[1] Movant also filed a motion for compassionate release under the First Step Act on November 3, 2020, and it has been recommended that the motion be denied. (*See* docs. 936, 946.)

*United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (citing 18 U.S.C. § 3582(b)); *see also United States v. Rene*, 785 F. App'x 240, 240-41 (5th Cir. 2019) (per curiam).

Here, Defendant seeks modification of her sentence under § 3742(e) based on the certificates she has received while incarcerated.² The provisions for modifying a sentence under § 3742 are available to a criminal defendant only on direct appeal of a sentence, however. *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Defendant did not file a direct appeal, and this Court does not have appellate jurisdiction to review her sentence. *See, e.g.*, *id.*; *Oti v. United States*, No. 3:18-CV-196-B-BT, No. 3:13-CR-481-B-4, 2018 WL 3559154, at *2 (N.D. Tex. June 22, 2018) ("nothing in Section 3742 vests this Court with appellate jurisdiction to review [the defendant's] sentence.") (citing 18 U.S.C. §§ 3742(a), (e)); *Ebanks v. United States*, Nos. 3:12-CV-1358-L (BH), 3:06-CR-0285-L (01), 2012 WL 1900915, at *1 (N.D. Tex. May 7, 2012)

---

² Section 3742(e) states:

> Consideration.—Upon review of the record, the court of appeals shall determine whether the sentence—
> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;
> (3) is outside the applicable guideline range, and
>  (A) the district court failed to provide the written statement of reasons required by section 3553(c);
>  (B) the sentence departs from the applicable guideline range based on a factor that—
>   (i) does not advance the objectives set forth in section 3553(a)(2); or
>   (ii) is not authorized under section 3553(b); or
>   (iii) is not justified by the facts of the case; or
>  (C) the sentence departs to an unreasonable degree from the applicable guidelines range, having regard for the factors to be considered in imposing a sentence, as set forth in section 3553(a) of this title and the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or
> (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.
> The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and, except with respect to determinations under subsection (3)(A) or (3)(B), shall give due deference to the district court's application of the guidelines to the facts. With respect to determinations under subsection (3)(A) or (3)(B), the court of appeals shall review de novo the district court's application of the guidelines to the facts.

18 U.S.C. § 3742(e).

("Because movant's direct appeal has already been decided, this Court is without jurisdiction to consider any motion made pursuant to § 3742.").

To the extent Defendant relies on *Pepper v. United States*, 562 U.S. 476 (2011), to support her request for a sentence reduction under § 3742, her reliance is misplaced. (*See* doc. 935 at 1-2.) In *Pepper*, the Supreme Court allowed district courts to consider post-sentencing rehabilitation when a new sentence is being imposed on remand from the court of appeals for resentencing. *See Pepper*, 562 U.S. at 490-91; *United States v. Thornton*, No. 3:14-cr-164-L (03), 2016 WL 8203712, at *1 (N.D. Tex. Aug. 3, 2016) ("Defendant's statutory authority, Section [3742(e)], does not itself provide an independent means to modify her sentence.") (citing *United States v. Damayo*, No. 1:10-CR-190-1-0DE-AJB, 2015 WL 4092456, at *2 (N.D. Ga. July 6, 2015)). "Defendant is not before this court on remand for resentencing, and, therefore, that holding [in *Pepper*] and Section 3742(e) are inapplicable here." *Thornton*, 2016 WL 8203712, at *1 (citation and internal quotation marks omitted).

Because the Court is without jurisdiction to consider any motion made under § 3742, the motion should be dismissed without prejudice for lack of jurisdiction.

### III.   RECOMMENDATION

Defendant's *Motion for Reconsideration 18 U.S.C. 3742 (e) Post-Sentencing Rehabilitation Programming*, received on November 2, 2020, should be **DISMISSED** without prejudice for lack of jurisdiction.

**SIGNED this 23rd day of November, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE