UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0341-B-13 |
| | § | |
| ADILENE SUAREZ-RANGEL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Adilene Suarez-Rangel's motion for compassionate release (Doc. 964). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On November 1, 2018, the Court sentenced Suarez-Rangel to 120 months of imprisonment and three years of supervised release after she pleaded guilty to conspiracy to distribute a controlled substance. Doc. 470, J., 1–3. Suarez-Rangel is currently thirty-three years old and is confined at Carswell Federal Medical Center (FMC) with a statutory release date of March 7, 2026.[1] As of March 10, 2021, Carswell FMC has five active cases and 766 recovered cases of COVID-19 among its inmates.[2] Suarez-Rangel filed a motion for compassionate release (Doc. 964) on January 7, 2021.

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed March 9, 2021).

[2] The BOP's COVID-19 statistics are available at https://www.bop.gov/coronavirus/ (last accessed March 9, 2021).

-1-

The Court reviews Suarez-Rangel's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, Suarez-Rangel's request for compassionate release fails because she has not demonstrated extraordinary and compelling reasons for a sentence reduction and because the § 3553(a) factors weigh against her release.

A.  *Suarez-Rangel Exhausted Her Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In support of her motion, Suarez-Rangel provides a copy of a request for compassionate release she sent to the warden, dated October 28, 2020, as well as the warden's response denying her request, dated November 10, 2020. Doc. 964, Def.'s Mot., 31–32. Therefore, the Court finds that more than thirty days have lapsed between the warden's receipt of Suarez-Rangel's request for compassionate release and the filing of her motion. Thus, Suarez-Rangel has satisfied the exhaustion requirement under § 3582. *See Ezukanma*, 2020 WL 4569067, at *2–5. Having determined that Suarez-Rangel satisfied the exhaustion requirement, the Court turns to the merits of her compassionate-release motion.

B.  *Suarez-Rangel Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Even though Suarez-Rangel has exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[4] In

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of her compassionate-release request—irrespective of a denial. *See id.* at *5.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

particular, extraordinary and compelling circumstances may exist if the defendant "suffer[s] from a serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover." *Id.*

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[5] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. Suarez-Rangel asserts that compassionate release is warranted due to "serious, chronic illnesses that make her especially susceptible to developing life threatening complications should she contract COVID-19." Doc. 964, Def.'s Mot., 11. She points to medical records showing that she suffers from seizures, anemia, and pituitary microadenoma. *Id.* (citation omitted). Additionally, Suarez-Rangel describes a recent outbreak of COVID-19 at Carswell FMC and claims that it is "impossible for [her] to practice social distancing and/or maintain a sanitary environment for herself." *Id.* at 15–16. These circumstances, she claims, warrant "that her sentence be reduced to time served that she may then return to her home in Michoacan Mexico." *Id.* at 2. The Court disagrees.

---

[5] Additionally, the Fifth Circuit recently noted that the commentary of § 1B1.13 is "not dispositive" but "guid[ing]." *United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

First, Suarez-Rangel's medical conditions do not constitute extraordinary and compelling reasons for her release because she has not shown that any of her conditions "substantially diminish[] [her] ability . . . to provide self-care" in prison. *See* § 1B1.13(1)(A) cmt. n.1. As her medical records show, Suarez-Rangel has had a "history of seizures since age 10." Doc. 964, Def.'s Mot., 26. While the Court does not discount the severity of this condition, Suarez-Rangel does not adequately explain why it makes her "especially susceptible to developing life threatening complications should she contract COVID-19." *Id.* at 11. Moreover, her medical records indicate that she has access to medication to treat her seizures and iron supplements to treat her anemia at Carswell FMC, though she prefers not to take them. *Id.* at 26, 30. This evidence weighs against finding that her ability to receive care or provide self-care is "substantially diminished" while incarcerated at Carswell FMC. *See* § 1B1.13(1)(A) cmt. n.1. And while Suarez-Rangel shows that she was recently diagnosed with pituitary microadenoma, she does not provide any evidence as to the severity of this diagnosis beyond her speculation that it could lead to complications should she contract COVID-19. *See* Doc. 964, Def.'s Mot., 11–12. Accordingly, Suarez-Rangel's diagnoses do not constitute extraordinary and compelling reasons for her release.

Insofar as Suarez-Rangel complains of the spread of COVID-19 within Carswell FMC and the inability to "practice social distancing and/or maintain a sanitary environment," *see id.* at 16, these are not extraordinary and compelling reasons for release. While the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country, generalized concerns about the spread of COVID-19 within Carswell FMC do not give rise to extraordinary and compelling reasons for release. "[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the

propriety of incarceration for all inmates at Carswell FMC. *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020); *see United States v. Vargas*, 2020 WL 4530429, at *3 (N.D. Tex. Aug. 6, 2020). Therefore, the Court considers this circumstance as it specifically concerns Suarez-Rangel. As previously discussed, Suarez-Rangel has not shown that she is physically unstable or that Carswell FMC is unable to provide her adequate care. And the mere presence of COVID-19 at Carswell FMC is not an extraordinary and compelling reason for compassionate release. Because Suarez-Rangel fails to demonstrate extraordinary and compelling reasons for release, the Court **DENIES** her motion for compassionate release **WITHOUT PREJUDICE**.

C.   *The Section 3553(a) Factors Weigh Against Release.*

Finally, even if Suarez-Rangel demonstrated extraordinary and compelling reasons warranting her release, the Court must consider the sentencing factors set forth in § 3553(a) to the extent they are applicable. *See* § 3582(c)(1)(A). And the Court is not persuaded that these factors support Suarez-Rangel's request. Suarez-Rangel pleaded guilty to conspiracy to distribute a controlled substance. Doc. 470, J., 1. Indeed, "on several occasions," Suarez-Rangel "would pick up and deliver methamphetamine" and would "discuss and facilitate drug transactions." Doc. 208, Factual Resume, 2.

Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). In Suarez-Rangel's case, the Court found 120 months of imprisonment appropriate to serve these goals. Doc. 470, J., 2. With a statutory release date of March 7, 2026, approximately fifty percent of Suarez-Rangel's sentence remains to be served. In this case, compassionate release would not "reflect the seriousness of the offense," "promote

respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences"). The § 3553(a) factors thus weigh against Suarez-Rangel's release. This is an independent justification for denying her motion.

## IV.
## CONCLUSION

Suarez-Rangel's request for compassionate release fails because she has not demonstrated extraordinary and compelling reasons for compassionate release, and the § 3553(a) factors weigh against her release. For those reasons, the Court **DENIES** Suarez-Rangel's motion (Doc. 964) **WITHOUT PREJUDICE**.

By denying Suarez-Rangel's motion without prejudice, the Court permits Suarez-Rangel to file a subsequent motion for compassionate release in the event she demonstrates a change in circumstances rising to the level of extraordinary and compelling, satisfies the exhaustion requirement with respect to those circumstances, and shows that the § 3553(a) factors support her release.

SO ORDERED.

SIGNED: March 11, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE